IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**NODIN MAKWA**

        Petitioner,

v.                                      **Civil Action No.:2:18cv54**
                                               **(Judge Bailey)**

        Respondent.

**JENNIFER SAAD,**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On May 23, 2018, Nodin Makwa ("Petitioner" or "Defendant"), acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"). Petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of his conviction obtained in United States District Court for the District of Minnesota. On May 24, 2018, the undersigned United States Magistrate Judge conducted a preliminary review of the file and determined that the petition should be construed as a motion filed pursuant to 28 U.S.C. § 2255. Because the Petitioner had not previously filed a § 2255 motion, the Court gave him notice of his right to consent to proceed under 28 U.S.C. § 2255 or to proceed as filed. ECF No. 6. On June 5, 2018, the Petitioner notified the Court that he elected to proceed on his § 2241 petition as filed. ECF No. 10. The matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

## II. BACKGROUND[1]

On December 4, 2015, a criminal complaint was filed against the Petitioner alleging that on August 8, 2015, in Beltrami County, in the State and District of Minnesota, [petitioner]

> did forcibly assault, resist, oppose, impede intimidate and interfere with Beltrami County Deputy Sheriff David Hart who was assisting FBI Special Agent Christopher Dudley, while they were engaged in the performance of their official duties, and the [petitioner] used a deadly and dangerous weapon, to-wit: a Ford automobile, and inflicted bodily injury upon BSCA Deputy David Hart,
>
> in violation of Title 18, United States Code, Section(s) 111(a)(1) and 111(b).

ECF No. 1.

On January 5, 2016, a grand jury returned a one count indictment charging the Petitioner as follows:

### Count 1

(Assaulting, Resisting or Impeding Certain Officers or Employees)

On or about August 8, 2015, in the State and District of Minnesota, the [Petitioner],

**NODIN MAKWA,**

> did forcibly assault, resist, oppose, impede, intimidate and interfere with Beltrami County Deputy Sheriff David Hart who was assisting Special Agent Christopher Dudley of the Federal Bureau of Investigation and Officer Keary Petschel of the Redcap Lake Police Department, while they were engaged in the performance of official duties, and the [Petitioner] used a deadly and dangerous weapon, to-wit: a Ford automobile, and inflicted bodily injury upon Deputy David Hart, all in violation of Title 18, United States Code, Sections 111(a)(1) and 111(b).

---

[1] Unless otherwise noted, the information in this section is taken from the Petitioner's criminal docket available on PACER. See United States v. Makwa, 1:16-cr-6-MJD-LIB (D. MN). Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

ECF No. 14.[2]

On February 11, 2016, the Petitioner filed a Motion to Suppress Statements, Admissions and Answers [ECF No. 24], and on February 12, 2016, he filed a Motion to Dismiss for Lack of Jurisdiction and Improper Charging. ECF No. 25. More specifically, the Petitioner alleged that because Beltrami County Sheriff Deputy Hart is not a federal law enforcement officer nor does his "assistance" in this case bring him within the purview of the charging statute, the indictment should be dismissed for lack of jurisdiction and/or failure to properly charge a federal offense. ECF No. 32. IOn February 18, 2016, the government filed a Response to both motions. ECF No. 26.

On March 23, 2016, United States Magistrate Judge Leo Brisbois entered a Report and Recommendation that recommended that the Petitioner's Motion to Suppress Statements, Admissions, and Answers as well as his Motion to Dismiss for Lack of Jurisdiction and for Improper Charging be denied. ECF No. 36.[3] On May 16,

---

[2] According to the Bureau of Prisons ("BOP"), the Petitioner is an American Indian. See BOP.gov.  It appears that the incident leading to the Petitioner's conviction began on the Red Lake Indian Reservation (the "Reservation") which was created as the product of treaties between the Red Lake Band of Chippewa Indians (the "Tribe) in the United States that were entered into in 1863, 1864, 1889, and 1902. The Reservation is comprised of a single large primary parcel of land, as well as, a number of smaller non-contiguous land parcels that, combined, span five counties in North Central Minnesota. Prior to the mid-1990s, the United States Department of the Interior Bureau of Indian Affairs ("BIA") provided law enforcement services on the Reservation. In the mid-1990s, the Tribal Counsel and the BIA concluded an agreement by which the Tribe assumed the BIA's responsibilities for providing law enforcement on the Reservation and, currently, law enforcement services on the Reservation are provided by a police force that is overseen by a director who reports to the Tribal Counsel. Red Lake tribal police officers are employed by the Tribe, and the agreement commits day-to-day supervision of tribal officers to the Tribe. ECF No. 36 at 2-3.

[3] As explained by the Magistrate Judge, the Beltrami Sheriff's Office and the Red Lake Police Department maintain a reciprocal policy regarding pursuits that proceed onto and off of the Reservation. Pursuant to that policy, deputies of the Beltrami County Sheriff's Office, once they are able, will become primary in a pursuit the comes off of the Reservation into Beltrami County; and Redcap Lake Police officers, once they are able, will become primary on pursuits that proceed from Beltrami County onto the Reservation. ECF No. 36 at 5.

2016, the Honorable Michael Davis, United States District Judge, entered a Memorandum of Law and Order adopting the Report and Recommendation. ECF No. 46. Judge Davis noted that the incident in question began as the result of an alleged armed assault on the Red Lake Reservation, and pursuit of the Petitioner began on the Reservation. During the pursuit on the Reservation, FBI Special Agent Christopher Dudley, whose primary responsibility is investigating violent crimes on the Red Lake Reservation, became involved in the pursuit. Agent Dudley eventually contacted the Beltrami County Sheriff's Office to request assistance, as it was clear the pursuit would soon leave the Reservation. Thereafter, Beltrami County Deputy Hart joined the pursuit. Eventually, the Petitioner was successfully stopped by law enforcement, and during the attempt to stop him the Petitioner allegedly hit Deputy Hart with his car. Citing Eighth Circuit law, Judge Davis found that the Tribe's police officers are considered federal officers when acting within the scope of their law enforcement duties. In addition, he found that the record demonstrated that FBI Special Agent Dudley was also involved in the pursuit and contacted the Sheriff's Department for assistance. He further found that there can be no dispute that an FBI special agent is a federal officer. Therefore, he concluded that it would be for the jury to decide whether Hart was injured while assisting federal officers in the performance of their duties Id. at 3-5.

     On August 11, 2016, the Petitioner entered into a Plea Agreement and Sentencing Stipulations. ECF No. 55. Pursuant to the agreement, the Petitioner agreed to plead guilty to the indictment. The agreement further provided that the parties agreed that the Indictment carried statutory penalties of a maximum of 20 years imprisonment; supervised release term of three years; a fine of $250,000; a mandatory special

assessment of $100; and payment of mandatory restitution in the amount to be determined by the Court. Id. at 2.  On September 29, 2016, the Sentencing Judgment was entered. ECF No. 67. The Petitioner was committed to the custody of the BOP to be imprisoned for a term of 108 months, to be followed by three years of supervised release. In addition, the Petitioner was ordered to pay an assessment of $100.00.

The Petitioner did not appeal his conviction. In addition, as previously noted, he did not file a Motion to Vacate pursuant to 28 U.S.C. § 2255.

### III. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully

below, Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of Respondent.

## IV.     CLAIMS OF THE PETITION

In support of his pending § 2241, Petitioner alleges that the District of Minnesota lacked jurisdiction. In support of this allegation, the Petitioner alleges that the county deputy had not been cross-deputized," nor was he acting under a contract with the United States. The Petitioner further argues that the officer who was injured was performing purely local or state law enforcement and not federal enforcement. The Petitioner maintains that his argument is supported by the contract between Beltrami County and the Red Lake Indian Reservation pertaining to pursuits into and from the Reservation. ECF No. 1 at 5. In addition, the Petitioner alleges that he is actually innocent of his conviction because the injured officer was performing purely local/state law enforcement functions via a contract between the Tribe and the State of Minnesota. In addition, the Petitioner alleges that assault requires criminal intent, and he was unaware that Deputy Hart was outside of his vehicle at the time of the incident. Id. at 6. He further maintains that 18 U.S.C. §. 111(a)(1), the statute under which he was convicted, is unconstitutional as vague or overly broad. Id. Finally, the Petitioner alleges that he received ineffective assistance of counsel. Id.  For relief, he requests that his case be overturned, the verdict of guilty be expunged, and he be granted immediate release from the custody of the BOP. In the alternative, he requests that he be afforded a new trial. Id. at 8.

## V.     ANALYSIS

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism

by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2000); In re Vial. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. Id. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law' has been "made retroactive to cases on collateral review by the Supreme Court." Id.

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their

convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. In re Vial, 115 F.3d at 1194, n.5; In re Jones, 226 F.328, 333 (4th Cir. 2000.) However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. Id. A petitioner bears the burden of demonstrating that the section 2255 is "inadequate or ineffective," and the standard is an extremely stringent one.

In the Fourth Circuit, a petitioner asserting "actual innocence" may establish "that §2255 is inadequate or ineffective to test the legality of a conviction" if he can prove:

> (1) at the time of conviction, settled law of this circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; **and** (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34 (emphasis added).

Although Petitioner has not raised the savings clause, it is clear that he is not entitled to its application. In the instant case, even if Petitioner satisfied the first and the third elements of Jones, the crimes for which he was convicted remain criminal offenses, and therefore, he cannot satisfy the second element of Jones.

Consequently, because Petitioner clearly attacks the validity of his conviction and fails to establish that he meets the Jones requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the

district court must dismiss the unauthorized habeas motion for lack of jurisdiction. Rice, 617 F.3d at 807.

## VI.     RECOMMENDATION

For the foregoing reasons, it is hereby **RECOMMENDED** that the presiding District Judge **DISMISS** the Petition [ECF No. 1] and the civil action for lack of jurisdiction.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984.

The Clerk is **DIRECTED** to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. Upon entry of this Report and Recommendation, the Clerk of Court is further **DIRECTED** to terminate the magistrate judge association with this case.

**DATED**: June 8, 2018

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE