# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**NODIN MAKWA,**

      Petitioner,

v.                                             **CIVIL ACTION NO. 2:18-CV-54**
                                                            **(BAILEY)**

**JENNIFER SAAD, Warden,**

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 11]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on June 8, 2018, wherein he recommends this Court dismiss the petition and action for lack of jurisdiction.

## BACKGROUND

In January of 2016, the petitioner was named in a one-count indictment in the District of Minnesota, which alleged that he had violated 18 U.S.C. § 111(a), when he struck a deputy sheriff with his car, while the deputy was working with tribal authorities and agents from the Federal Bureau of Investigations.[1] The petitioner unsuccessfully challenged the indictment, and argued that the charge should be dismissed for lack of

---

[1] Because the petitioner did not object to the R&R's statement of facts and findings therein, the Court adopts the factual recitation in the R&R [Doc. 11] and will only briefly discuss the factual history of the matter. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985).

1

jurisdiction or improper charging, because the deputy was not a federal law enforcement officer. The district judge noted that the offense occurred after an alleged armed assault on a reservation, when an FBI agent assigned to investigate violent crimes on the reservation requested the deputy's help in pursuing the petitioner after he left reservation grounds. During the attempt to stop the petitioner's pursuit, the petitioner struck the deputy with his car. Accordingly, the judge determined that whether the deputy was injured while assisting federal officers in performing their duties was a question for the jury to decide.

Subsequently, in August of 2016, the petitioner pled guilty to the single count pursuant to a written plea agreement. The agreement provided that the charge carried a maximum penalty of twenty years imprisonment, three years supervised release, a $250,000 fine, the mandatory special assessment fee, and mandatory restitution in an amount to be determined by the court. On September 29, 2016, the petitioner was sentenced to 108 months incarceration and three years of supervised release. The petitioner did not file a direct appeal or a collateral attack prior to the instant petition.

On May 18, 2018, the petitioner filed the instant Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 in this district [Doc. 1]. Therein, he seeks relief on four grounds:

> (1) Lack of Jurisdiction, because the deputy was not a federal agent;
> (2) Actual Innocence, because he did not have criminal intent and the deputy was not a federal agent;
> (3) Unconstitutional Broadness or Vagueness of 18 U.S.C. § 111(a)(1), because it could be satisfied in multiple ways; and,
> (4) Ineffective Assistance of Counsel, because the petitioner found information that his counsel told him was not available, and because counsel pressured him to accept a plea agreement.

[Doc. 1]. Because the petitioner's § 2241 petition advances claims that are not cognizable

in a § 2241 petition, the magistrate judge issued a Notification to Petitioner of Right to Consent to Proceed Under 28 U.S.C. § 2255 or to Proceed as Filed [Doc. 6]. Therein, the magistrate judge notified the petitioner that his motion is properly construed as a § 2255 petition, and informed him of the potential consequences of such construal. Within the time allotted, petitioner elected to have his petition construed as filed, as a § 2241 petition [Doc. 10].

On June 8, 2018, the magistrate judge issued his R&R, and recommended that this Court dismiss the action for want of jurisdiction, because the petitioner has not met his burden to show that § 2255 is an inadequate or ineffective remedy and thus cannot avail himself of the savings clause [Doc. 11]. The petitioner timely filed objections, and presented two claims of error: (1) that § 2255 is inadequate or ineffective because it is now time-barred; and (2) that the savings clause offers relief from an illegal detention [Doc. 13].

## **STANDARD**

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas**, 474 U.S. at 150. In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of

3

service, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket reflects that service was accepted on June 12, 2018 [Doc. 12]. Petitioner timely filed his Objections on June 25, 2018 [Doc. 13]. Accordingly, this Court will review the portions of the R&R to which petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## **DISCUSSION**

As a general rule, federal prisoners must "bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). If § 2255 is "inadequate or ineffective to test the legality of [his] detention," however, a federal prisoner may file a § 2241 petition to challenge his conviction or sentence. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (internal quotation marks omitted).

The law is clearly developed that the § 2255 remedy is not inadequate and ineffective merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. *Id.* Moreover, in *Jones*, the Fourth Circuit held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34. The petitioner bears the burden of establishing that the § 2255 remedy is inadequate and ineffective to test the legality of his detention by satisfying

4

the ***Jones*** test. ***Hood v. United States***, 13 F. App'x 72 (4th Cir. 2001).

The petitioner objects to the determination that § 2255 is not inadequate and ineffective to test the legality of his detention. Specifically, the petitioner states that "[b]eing already past his time to file said petition (approximately 20 months), for the Petitioner to file said 2255 petition, he would have been denied because of it being 'untimely.'" [Doc. 13]. The petitioner concludes that this "render[s] a § 2255 petition an 'ineffective' as well as 'inadequate' remedy simply based upon a time constraint." [Id.]. However, a § 2255 petition is not inadequate and ineffective "merely . . . because an individual is procedurally barred from filing a Section 2255 motion[,]" ***In re Vial***, 115 F.3d at 1194, or "merely because an individual is unable to obtain relief under that provision." ***In re Jones***, 226 F.3d at 333. Thus, the petitioner's assertion that the § 2255 remedy is inadequate and ineffective because it is now time-barred does not carry weight—the Fourth Circuit has clearly foreclosed such a ground. This objection is, accordingly, overruled.

Finally, the petitioner appears to assert that the Fourth Circuit's recent decision in ***United States v. Wheeler***, 886 F.3d 415 (4th Cir. 2018), offers him some relief. While ***Wheeler*** did extend the reach of the savings clause to petitioners challenging only their sentences, it is inapplicable here. First, the petitioner is not arguing that his sentence is illegal or that he is actually innocent of his sentence, but of his conviction—***Wheeler*** does not change the outcome for the petitioner, because the kind of claims the petitioner raises were already squarely within the reach of the savings clause, if the petition satisfied the ***Jones*** test. Further, even were the petitioner attacking the legality of his sentence, he would still not satisfy the modified-***Jones*** test the Fourth Circuit established in ***Wheeler***.

5

Under the *Wheeler-Jones* test, the savings clause would not provide the petitioner any relief because it still requires a change in settled, substantive law that applies retroactively on collateral review and that established the legality of the conviction. The petitioner does not suggest that any law has changed since he was convicted and sentenced, nor can he. The conduct for which the petitioner was convicted—assaulting an officer who was assisting a federal agent in the performance of their official duties—remains criminal. Accordingly, the savings clause offers the petitioner no relief, and this Court must dismiss for want of jurisdiction. *Wheeler*, 886 F.3d at 423 ("we hold that the savings clause is a jurisdictional provision.").

## **CONCLUSION**

Upon careful review of the R&R, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 11]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the report. Further, petitioner's Objections **[Doc. 13]** are **OVERRULED**. Accordingly, the petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[Doc. 1]** is **DENIED** and **DISMISSED WITHOUT PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: July 2, 2018.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE